**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Peter Gakuba, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 12 C 7296 |
| | ) | |
| Charles O'Brien, et al., | ) | |
| | ) | |
|     *Defendants*. | ) | Judge Frederick J. Kapala |

## ORDER

The court has reviewed the magistrate judge's report and recommendation ("R&R") [312] and agrees with the magistrate judge that plaintiff's motions for equitable relief [311] and emergency equitable relief [323] should be denied. In addition, plaintiff's motion to strike defendants' response [349] is denied.

## STATEMENT

Plaintiff, Peter Gakuba, brings this action for injunctive and declaratory relief, claiming that defendants illegally obtained plaintiff's personal information and used it to arrest him in connection with the sexual assault of a juvenile. Before the court is plaintiff's objection to the magistrate judge's Report and Recommendation ("R&R") that injunctive and declaratory relief be denied because a favorable ruling would be inconsistent with his criminal conviction. See Hoard v. Reddy, 175 F.3d 531, 533 (7th Cir. 1999). For the reasons stated below, the court overrules plaintiff's objections to the R&R and adopts the magistrate judge's recommendation to deny, though on additional grounds than those mentioned in the R&R.

### I. BACKGROUND

The relevant facts to this case have been oft-repeated in the many years that this case has existed and will only be briefly recited here. Plaintiff sued defendants on or about September 12, 2012 pursuant to § 1983 for damages and injunctive relief stemming from a 2006 accusation of kidnaping and rape that resulted in plaintiff's arrest. Plaintiff was charged with three counts of Aggravated Criminal Sexual Abuse, in violation of 720 ILCS 5/12-16(d), a Class 2 Felony, in the Winnebago County Circuit Court in People of the State of Illinois v. Peter Gakuba, Case No. 06 CF 4324. In 2012, Plaintiff filed this action, presenting claims against defendants for false arrest, illegal search of his hotel room and seizing his belongings, and abusing the judicial process by attempting to revoke his pretrial bond to dissuade him from filing a civil suit. Plaintiff was convicted on or about April 27, 2015, and sentenced to twelve years in prison on or about June 29, 2015.

On September 10, 2018, plaintiff filed a motion seeking equitable relief requesting that the

court prohibit the admission of "personal identifiable information"—i.e., his name and birthdate—obtained by the illegal search of his hotel room. On September 14, 2018, the magistrate judge issued an R&R denying plaintiff's motion, to which plaintiff timely objected.[1] Thus, before the court are plaintiff's objections to the R&R.

## II. ANALYSIS

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, the district court must "consider timely objections [to an R&R order] and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. Proc. 72(a). Accordingly, because the motion concerns non-dispositive matters, this court will review the magistrate judge's R&R under the "clearly erroneous" standard. See Retired Chicago Police Ass'n v. City of Chicago, 76 F.3d 856, 869 (7th Cir. 1996).

Plaintiff first objects to the R&R, arguing that because evidence was illegally retrieved by defendants he is entitled to equitable relief, i.e., that defendants may not use this evidence in this action. In addition to the reasons for denial set forth by the magistrate judge the court concludes there are alternative bases to deny plaintiff's requests for injunctive and declaratory relief. Despite being filed as motions for "equitable relief," both the objection and the underlying motions [311] [323] seeking to suppress evidence illegally obtained in this civil action are in actuality motions in limine to exclude evidence disguised as motions for equitable relief. In fact, plaintiff does not even mention Federal Rule of Civil Procedure 65 in his analyses supporting his motions. Motions in limine are simply not appropriate at this stage of litigation where discovery has yet to open. See Yager v. Empress Casino Hammond Corp., No. 97 C 3483, 1998 WL 67612, at *1 (N.D. Ill. Feb. 9, 1998) (rejecting a motion in limine as "premature" for being filed before defendant filed its answer). Our court's standing order on motions in limine contemplates parties alerting the court to the intention to file motions in limine "not later than" with the submission of the final pretrial order. Indeed, we state pursuant to Local Rule 37.2 that motions in limine are to be filed as separate documents from the Final Pretrial Order, the form for which is located online. After discovery has taken place, the court will be in a better position to determine whether the defendants' intention to admit the "personal identifiable information" (assuming they do intend to admit it) is proper.

Even if the court were to address the objection and motion as seeking injunctive relief, the court finds at this juncture that plaintiff would not be able to show that he has no adequate remedy at law—a threshold requirement for injunctive relief. Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the U.S. of Am., Inc., 549 F.3d 1079, 1086 (7th Cir. 2008). That is because plaintiff does have an adequate remedy at law by way of a motion in limine to exclude the evidence. In the criminal context, there is little question that motions to suppress are an adequate remedy at law. Inmates of Attica Corr. Facility v. Rockefeller, 453 F.2d 12, 21 (2d Cir. 1971); Spanier v. Kane, 34 F. Supp. 3d 524, 529 (M.D. Pa. 2014); United States v. Douleh, 220 F.R.D. 391, 397 (W.D.N.Y.

---

[1] On September 28, 2018, plaintiff filed a motion for "emergency equitable relief," seeking a temporary restraining order, preliminary and permanent injunctions, and declaratory judgment that all seek the same equitable relief as his previous motion. The magistrate judge transferred the motion directly to this court because of its overlap with the first motion on which the magistrate judge issues his R&R. The ruling on the instant motion resolves the subsequent filing by plaintiff.

2003). Where there is a lesser liberty interest at stake in a civil case than in a criminal case, the court concludes this principle applies to plaintiff's case with equal force. Thus, the court overrules plaintiff's objection as premature.

As a separate matter, plaintiff filed a motion on November 30, 2018 to strike defendants' response. The basis for plaintiff's motion is that defendants do not have standing to argue matters of law. Plaintiff provides no authority for this proposition, and the court sees no basis for it. The court denies this motion as well.

### III. CONCLUSION

The court has reviewed the magistrate judge's R&R and agrees with its disposition. Accordingly, the objections from plaintiff are overruled and plaintiff's motions for equitable relief are denied. In addition, the court denies plaintiff's motion to strike defendants' response.

Date: 3/20/2019	ENTER:

_____
FREDERICK J. KAPALA

District Judge